**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

**MARNESHA WALLACE, individually and as next friend of DAKOTA EASON, MINOR, and DEMARIO EASON,**

*Plaintiffs*,

v. No. 2:25-cv-02942-BCL-cgc

**CHARLES MCDONALD AND S&J POTASHNICK TRANSPORTATION, INC.,**

*Defendants.*

**ORDER GRANTING JOINT PEITTION FOR APPROVAL OF MINOR SETTLEMENT AGREEMENT**

Before the Court is Parties' Joint Petition for Approval of Settlement for Minor's Claim. Doc. 116. A hearing was held on November 23, 2026, to discuss the proposed settlement agreement and ensure compliance with all applicable law. The minor Plaintiff, D.E., was present at the hearing along with her parents and guardians, Marneshia Wallace and Demario Eason. At the hearing, the Court heard from counsel for both parties, Ryan Skeritch for Plaintiff D.E. (and also representing the other Plaintiffs) and William Leslie for the Defendants, and the Court received testimony from both parents of D.E. Based on the Petition, supporting materials, testimony presented at the hearing, and discussion with counsel at the hearing, and for the reasons that follow, the Joint Petition (Doc. 116) is **GRANTED**.

**STANDARD OF REVIEW**

Proposed settlement agreements are governed by state contract law. *Smith v. ABN AMRO Mortg. Group Inc.*, 434 Fed.Appx. 454, 460 (6th Cir. 2011) ("Because settlement agreements are

a type of contract, the formation and enforceability of a purported settlement agreement are governed by state contract law." Under Tennessee law, if the settlement meets one or more of the following criteria, the Court is required to evaluate it on behalf of any minor to determine if the settlement is in the minor's best interest:

> (a)(1) In any tort claim settlement involving a minor, the court shall conduct a hearing at which the minor and legal guardian are present if the tort claim settlement:
> (A) Is a settlement of ten thousand dollars ($10,000) or more;
> (B) Is a structured settlement; or
> (C) Involves a minor who is not represented by an attorney licensed to practice in this state.

Tenn. Code Ann. § 29-34-105(a)(1). Indeed, "[f]airness of the settlement must be determined by the trial court in every case …. [S]ince they are unable to care for themselves, minors deserve the court's protection." *Id.* A court would be "remiss if it [did] not ma[k]e an independent determination that the settlement was in the minor's best interest." *Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997). Indeed, a minor settlement agreement cannot operate to dismiss a case "unless and until the district court 'makes an independent determination that the settlement is in the minor's best interest.'" *Kiel by Kiel v. Barton*, 2011 WL 13206189, *1 (E.D. Mich. 2011) (citing *Green*, 111 F.3d 1301).

In addition, courts presiding over minor settlement agreements have an obligation to determine "whether the attorney's fees are 'fair and reasonable compensation … regardless of any agreement specifying an amount, whether contingent or otherwise.'" *Maris v. Memphis' Incredible Pizza Company, LLC*, 2025 WL 4350286, at *1 (W.D. Tenn. 2025) (citing *Dean v. Holiday Inns, Inc.*, 860 F.2d 670, 673–74 (6th Cir. 1988)). To determine the reasonableness of the fees, courts "may consider the ten [non-exclusive] factors set forth in Tennessee Supreme Court Rule 8 and Tennessee Rule of Professional Conduct 1.5(a):"

> (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) The fee customarily charged in the locality for similar legal services;
> (4) The amount involved and the results obtained;
> (5) The time limitations imposed by the client or by the circumstances;
> (6) The nature and length of the professional relationship with the client;
> (7) The experience, reputation, and ability of the lawyer or lawyers performing the services;
> (8) Whether the fee is fixed or contingent;
> (9) Prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and
> (10) Whether the fee agreement is in writing.

*Maris*, 2025 WL 4350286, *1–2 (W.D. Tenn. 2025) (citing Tenn. Sup. Ct. R. 8, RPC 1.5(a)(1)–(10)). Additionally, "[t]he lodestar amount is relevant to the fee determination, but it should not be the sole or primary basis for determining whether the attorney's fee is reasonable." *Id.* at *2.

Tennessee has a "longstanding rule … that a next friend representing a minor cannot contract with an attorney for the amount of attorney's fees so as to bind the minor." *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 179 (Tenn. 2011). That is, the contracted contingency fee may be informative to the Court but is not binding. *Id.* at 183 ("In the context of cases involving minors … a proposal to enforce a contingency fee agreement automatically is contrary to law…. [T]he trial court should not place weight on the nature of the fee agreement and instead should review the case on the premise that there is no enforceable fee contract. In other words, the proper question is not whether the contract amount is reasonable but rather what the reasonable fee would be in the absence of a contract."). Thus, the Tennessee Supreme Court has held "a trial court should apply the factors set forth in RPC 1.5(a)(1)–(10) when determining a reasonable attorney's fee" and should balance the need to incentivize lawyers to represent minors with the fact that minors need to be protected, as they cannot judge the value of services rendered to them. *Id.* at 185.

## <u>ANALYSIS</u>

For the reasons stated on the record at the hearing for the Join Petition on November 23, 2026, the Court finds that the minor settlement agreement is in the best interests of the minor and that the attorney's fees are fair and reasonable. The Joint Petition for Approval of Settlement for Minor's Claim is therefore **GRANTED**. The Parties **SHALL** file a joint stipulation of dismissal in compliance with Local Rule 83.13 and Federal Rule of Civil Procedure 41(a)(1)(A) by no later than December 21, 2026. The Parties are **ADVISED** that failure to file the required stipulation may lead to sanctions, including but not limited to dismissal.

**IT IS SO ORDERED**, this 23rd day of November, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE